## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARSHALL AMPLIFICATION PLC,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 25-cv-00217<br><br>**Judge Manish S. Shah** |

## PRELIMINARY INJUNCTION ORDER

THIS CAUSE being before the Court on Plaintiff Marshall Amplification Plc's ("Plaintiff" or "Marshall") Motion for Entry of a Preliminary Injunction, and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in its entirety against the fully interactive, e-commerce stores[1] operating under the seller aliases identified in Schedule A attached hereto (collectively, the "Seller Aliases").

A list of the Marshall Trademarks is included in the chart below.

| Registration No. | Trademark |
|---|---|
| 936,514<br>4,948,438 | MARSHALL |
| 4,853,095 | JCM |
| 3,247,712<br>5,056,633<br>5,455,553 | *Marshall* |
| 4,303,941<br>4,929,992 | M |

---

[1] The e-commerce store URLs are listed on Schedule A hereto under the Online Marketplaces.

1

This Court also finds that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a Temporary Restraining Order establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has proved a *prima facie* case of trademark infringement because (1) the Marshall Trademarks are distinctive marks and are registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendants are not licensed or authorized to use the Marshall Trademarks, and (3) Defendants' use of the Marshall Trademarks is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Plaintiff. Furthermore, Defendants' continued and unauthorized use of the Marshall Trademarks irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

   a. using the Marshall Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing,

advertising, offering for sale, or sale of any product that is not a genuine Marshall product or not authorized by Plaintiff to be sold in connection with the Marshall Trademarks;

b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Marshall product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the Marshall Trademarks;

c.  committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

d.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the Marshall Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof.

2.  Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of the Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc. ("eBay"), Alipay, AliExpress, Alibaba Group Holding Ltd., and Alibaba.com Singapore E-Commerce Private Limited (collectively "Alibaba"), Amazon.com, Inc. ("Amazon"), Wish US Holdings LLC ("Wish.com"), Etsy, Inc. ("Etsy), DHgate.com ("DHgate"), WhaleCo Inc. ("Temu"), ByteDance Ltd., TikTok Ltd., TikTok Inc., and TikTok LLC (collectively "TikTok"), and Walmart, Inc. ("Walmart") (collectively, the "Third Party

3

Providers") shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to disclose:

a. the identities and locations of Defendants, their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplaces; and

c. any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal Inc. ("PayPal"), eBay, Etsy, Alipay, Alibaba, Ant Financial Services Group ("Ant Financial"), Amazon Pay, Wish.com, Walmart, DHgate, Temu, TikTok or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3. Upon Plaintiff's request, those with notice of the injunction, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with

Defendants in connection with the sale of counterfeit and infringing goods using the Marshall Trademarks.

4.  Any Third Party Providers, including PayPal, eBay, Alipay, Alibaba, Ant Financial, Wish.com, Walmart, Etsy, DHgate, Temu, TikTok, and Amazon Pay, shall within seven (7) calendar days of receipt of this Order:

    a.  locate all accounts and funds connected to Defendants and the Seller Aliases and Online Marketplaces, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 3 to the Declaration of Linda Sjö Lindkvist, and any e-mail addresses provided for Defendants by third parties; and

    b.  restrain and enjoin any such accounts or funds from transferring or disposing of any of Defendants' assets traceable to the proceeds of sales of products using the Marshall Trademarks, until further ordered by this Court, or the expiration of this Order, whichever is earlier. Upon a showing that restrained assets are not attributable to the sale of products using the Marshall Trademarks, the Court will modify the asset restraint

5.  Plaintiff is authorized to issue expedited written discovery, pursuant to the Federal Rules of Civil Procedure 33, 34 and 36, related to:

    a.  the identities and locations of Defendants, their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses; and

b.  the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplaces.

Plaintiff is authorized to issue any such expedited discovery requests via e-mail. Defendants shall respond to any such discovery requests within seven (7) calendar days of being served via e-mail.

6.  Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order and other relevant documents on a website and by sending an e-mail with a link to said website to an e-mail address for each Defendant.  The Clerk of the Court is directed to issue a single original summons in the name of "Shenzhen Gds Technology Co., Ltd. and all other Defendants identified in the Complaint" that shall apply to all Defendants.  The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7.  Schedule A to the Complaint [2], Exhibit 3 to the Declaration of Linda Sjö Lindkvist [15] and the TRO [23] are unsealed.

8.    Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and Northern District of Illinois Local Rules.

9.    The twenty-five thousand dollar ($25,000) bond posted by Plaintiff shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

IT IS SO ORDERED.

Date:  January 23, 2025

_____

Manish S. Shah
United States District Judge

**Marshall Amplification PLC v. The Partnerships and Unincorporated Associations Identified on Schedule "A" - Case No. 25-cv-00217**

# Schedule A

| Defendant Online Marketplaces | | |
|---|---|---|
| No | URL | Name / Seller Alias |
| 1 | szgds.en.alibaba.com | Shenzhen Gds Technology Co., Ltd. |
| 2 | xmxbkj.en.alibaba.com | Xiamen Xibo Technology Co., Ltd. |
| 3 | amazon.com/sp?seller=AIHZ0LXY8JGU4 | chongqinghaoqixishangmaoyouxiangongsi |
| 4 | amazon.com/sp?seller=ADYCLBF9T662Y | Folaxshoo Direct |
| 5 | amazon.com/sp?seller=AN12KV0ARUXT1 | HongMaoYiYou |
| 6 | amazon.com/sp?seller=A134D8TA5MAGNH | huijianbin1122 |
| 7 | amazon.com/sp?seller=A3P2RLBGF78A4J | JinGongShangMaoY |
| 8 | amazon.com/sp?seller=A3KLTSXC9BDTXH | lingdukeji |
| 9 | amazon.com/sp?seller=AHOE90U6TKYPY | pingzhidian |
| 10 | amazon.com/sp?seller=A1GFVWMR3WLTRR | PinY |
| 11 | amazon.com/sp?seller=AIS4CL7PK4R51 | Suublg |
| 12 | amazon.com/sp?seller=AV5TBK8STW7RR | yujinru1789 |
| 13 | amazon.com/sp?seller=AKWD7WKNDPMER | ZhaoYUMENG |
| 14 | amazon.com/sp?seller=AA0FOD4LSJOBB | ZZAEO |
| 15 | walmart.com/seller/102619919 | HIASANGBIG |
| 16 | walmart.com/seller/102516333 | HuiHongJia |
| 17 | walmart.com/seller/101608783 | JIASA |
| 18 | walmart.com/seller/101632086 | kangyixingdianzi |
| 19 | walmart.com/seller/102496918 | liupengmaoyi |
| 20 | walmart.com/seller/101652843 | mingxingjiaju |
| 21 | walmart.com/seller/101585469 | Nethouse Co.,LTD |
| 22 | walmart.com/seller/102478361 | pke shop |
| 23 | walmart.com/seller/102516102 | shangwuwu |
| 24 | walmart.com/seller/102488213 | wangdatiyuyongpin |
| 25 | walmart.com/seller/102590489 | zhipengdianzishangwu |